IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ADAM KEITH WALDMAN,        )
#242914,                   )
                           )
    Petitioner,            )
                           )
v.                         )    CASE NO. 2:25-cv-366-RAH
                           )
LEIGH GWATHNEY, *et al.*,   )
                           )
    Respondents.           )

## **MEMORANDUM OPINION AND ORDER**

Adam Keith Waldman, an inmate proceeding pro se, filed this § 1983 lawsuit over alleged constitutional violations committed by the Defendants during Waldman's September 28, 2022, parole hearing. The Defendants have moved to dismiss, and Waldman has filed a response. Upon consideration of the parties' filings, and for the reasons below, the motions to dismiss will be granted and this case dismissed.

## **BACKGROUND**

Waldman is serving two life sentences with the possibility for parole for 2015 first-degree kidnapping and first-degree robbery convictions. The convictions stemmed from a series of events in which Waldman kidnapped a 5-year-old boy, led police on a highspeed chase with the child in the vehicle, shot at police, and rammed police cars.

Waldman first became eligible for parole in 2018. His parole was denied due to the seriousness of the offenses and because release would lessen the seriousness of the offenses and promote disrespect for the law.

Waldman came up for parole again on September 28, 2022. Waldman was represented by counsel who called two witnesses in his favor. The mother of the child victim spoke against parole as did representatives from the Victims of Crime and Leniency, and Defendants Nayla Contreras (a representative from the Alabama Attorney General's Office) and Jordan Self (a representative from the Baldwin County District Attorney's Office). Waldman did not attend. Parole was again denied on the basis of the severity of the offenses and the position of the stakeholders. Waldman's next parole hearing is set for September 2027.

On October 14, 2022, Waldman filed a Petition for a Writ of Mandamus with the Circuit Court of Montgomery County, Alabama. In his petition, Waldman sought a writ directing the Defendants to hold a new – and fair – parole hearing. The Defendants moved to dismiss which was granted by the state court on January 26, 2025. Waldman did not appeal.

Waldman filed the instant § 1983 Complaint in this Court on May 13, 2025, against the Alabama Board of Pardons and Paroles, Leigh Gwathney, Darryl Littleton and Dwayne Spurlock (collectively, the Parole Board) and Nayla Contreras and Jordan Self (collectively, the Law Enforcement Defendants).

## DISCUSSION

Waldman claims the Defendants violated his constitutional rights under the Fifth, Eighth and Fourteenth Amendments in connection with his September 28, 2022, parole hearing. In particular, Waldman claims the Defendants violated the grand juries clause of the Fifth Amendment because he is being punished with life without the possibility of parole for a noncapital crime and because Contraras and Self allowed the victim's mother to make false statements about him at his parole hearing without correcting the record, thereby making him answer for crimes for which he was never indicted. Waldman also argues that the double jeopardy clause of the Fifth Amendment has been violated because the Parole Board used the same

2

reasons for denying him parole as it did previously. He further claims there has been a violation of substantive due process under the Fifth and Fourteenth Amendments because there are no procedural due process protections to ensure a fair parole hearing and in not allowing inmates like Waldman an opportunity to be heard in person or virtually or to present witnesses and evidence. Waldman also claims a violation of the Eighth Amendment because, although his sentence is with the possibility of parole, it is cruel and unusual punishment for the Parole Board not to grant him parole. Finally, Waldman claims a violation of the Fourteenth Amendment because the Parole Board used a checklist for its parole decision instead of the guidelines sheet. Waldman seeks declaratory relief, an order requiring the Parole Board to immediately bring him back up for parole in a fair hearing process, and monetary damages.

The Parole Board asserts Waldman's claims are time-barred because he filed this lawsuit 32 months after the September 28, 2022, parole hearing. The Law Enforcement Defendants did not move to dismiss on statute of limitations grounds, but argue their entitlement to various types of immunities.

In response, Waldman asserts the statute of limitations should be tolled because he was required to exhaust his remedies before filing suit, he filed a mandamus proceeding against the Parole Board in state court, and it took the state court over two years to rule.

This is a § 1983 action. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard, Waldman must have brought them within two years from the date the limitations

period began to run, which is generally the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 56–62 (11th Cir. 1996)).

The Complaint alleges the constitutional violations occurred during his parole hearing on September 28, 2022. Thus, as of that date or within days when he learned of the Parole Board's decision, the facts supporting Waldman's constitutional violations were or should have been apparent to Waldman. However, Waldman did not file this action until May 13, 2025, more than two years after the limitations period began to run. As such, it is clear from the face of the pleadings that Waldman's § 1983 claims are time-barred. *See Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) ("The expiration of the statute of limitations warrants dismissing a complaint as frivolous.") (citing *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990)).

Waldman argues the statute of limitations was tolled during the period of time that his state court mandamus proceeding was pending. That proceeding was filed on November 21, 2022, and was dismissed on January 26, 2025. The Supreme Court has held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. *Hardin v. Straub,* 490 U.S. 536 (1989). But Waldman does not show or provide any legal support for why a state court mandamus proceeding tolls the statute of limitations in a § 1983 action or a personal injury case. While that proceeding may toll the statute of limitations under a 28 U.S.C. § 2254 habeas proceeding subject to the Antiterrorism and Effective Death Penalty Act of 1996,

this is not such a proceeding.[1]

Finally, while the Law Enforcement Defendants did not assert the statute of limitations in their motion to dismiss, the defense nevertheless requires dismissal of Waldman's claims against them at the motion to dismiss stage. The expiration of Alabama's two-year statute of limitations is an affirmative defense the existence of which warrants a dismissal of a complaint as frivolous. *Clark,* 915 F.2d at 641 n.2. When the defense is apparent from the face of the complaint or the court's records, however, the court need not wait to see if the defense will be asserted in a defensive pleading, and under such circumstances, a sua sponte dismissal will not constitute an abuse of the Court's discretion. *See, e.g*., *Miller v. Woodham,* 2006 WL 955748, at *1 (11th Cir. Apr. 12, 2006);  *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990). As such, the claims against the Law Enforcement Defendants also will be dismissed as time barred.

---

[1] To the extent Waldman claims that he was wrongly denied parole in September 2022 and that he is entitled to release on parole, he failed to state a claim under § 1983, as a challenge to the Parole Board's decision, in essence, would be  a challenge to the length of his sentence. A state prisoner does not have a cognizable claim under § 1983 if a ruling on his claim would necessarily render his sentence or conviction invalid until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). Furthermore, the claim is not cognizable and must be dismissed whether Waldman seeks to obtain monetary damages or to attack the validity of his confinement. *Id.; Preiser v. Rodriguez,* 411 U.S. 475, 488–90 (1973) (habeas corpus proceeding, not § 1983, is the appropriate remedy for a state prisoner to attack the validity of the fact or length of his sentence). He may not seek habeas relief and § 1983 relief in the same action. Thus, his claim is not cognizable under 42 U.S.C. § 1983 and must dismissed without prejudice to Waldman's right to seek habeas relief under 28 U.S.C. § 2254.